ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 SEP 20 PM 12: 14

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| ORLANDO ESPINOSA SANCHEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 305-126 |
| ) | |
| SUSANNA MONTFORD, et al., ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who was an inmate detained at McRae Correctional Institute, in McRae, Georgia, at the time he filed the instant complaint, brought the captioned case pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). He is *pro se* and is currently proceeding *in forma pauperis*. In this Court's order dated August 25, 2005, this Court informed Plaintiff that he was responsible for immediately informing the Court of any change of address, and that failure to do so would result in the dismissal of his case. (Doc. no. 2, p. 4). Since that date, a number of pleadings have been filed, including Defendants' answer, motion for summary judgment, and motion to dismiss. (Doc. nos. 12, 16, 20). In Defendants' motion to dismiss, they assert that when they attempted to serve Plaintiff with their motion for summary judgment at the last address he provided, the envelope was returned as undeliverable.[1] (Doc. no. 20, p. 1). As such, the

---

[1] The Court also notes that the notice the Clerk sent to Plaintiff regarding Defendants' summary judgment motion, as well as this Court's order granting Defendants' motion for leave

Defendants request that Plaintiff's case be dismissed pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute. (Id.). Based on the above information, Plaintiff has failed to comply with the Court's instructions that he notify the Court of a change of address. Plaintiff's failure to provide the Court with an address where he can be reached has the effect of saddling the Court with a stagnant case.

The Eleventh Circuit has stated that "the district court's power to control its docket includes the inherent power to dismiss a case . . . ." Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., 711 F.2d 989, 998 (11th Cir. 1983); see also Burden v. Yates, 644 F.2d 503, 505 (5th Cir. Unit B May 1981) ("It is also clear that a district court's power to control its docket includes the inherent power to dismiss a case."); Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970) ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Here, Plaintiff's failure to comply with the Court's Order by not providing the Court with a valid address amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of

---

to file a motion for summary judgment, were returned as undeliverable.

2

neglect contemplated by the Local Rules. Furthermore, because Plaintiff is proceeding *in forma pauperis*, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[2] See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice.[3] The Court is not permanently barring Plaintiff from bringing a meritorious claim. It is simply recommending dismissing the case without prejudice until such time as Plaintiff is willing to file his case <u>and pursue it</u>.

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that Defendants' motion to dismiss be **GRANTED**, that this case be **DISMISSED** without prejudice, and that this case be **CLOSED**. As the Court is recommending that the motion to dismiss be granted, the undersigned also **REPORTS** and **RECOMMENDS** that the motion for summary judgment be deemed **MOOT**.

SO REPORTED and RECOMMENDED this 20th day of September, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[2] Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

[3] The Court also notes that the motion to dismiss does not request dismissal with prejudice.

3